**SQUIRE, Supt. of Banks, etc., Plaintiff, v. GUARDIAN TRUST COMPANY, et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 438880. Decided January 9, 1946.

## OPINION

By McNAMEE, J:

It is the legislative policy of this state, as expressed in the statutes on code pleading, to modify the rigid technical and cumbersome procedures of the common law, and to expedite the consideration and determination of lawsuits. In conformity with this policy §11368 GC authorizes the Court to permit the filing of a supplemental petition alleging facts material to the case which occurred subsequent to the institution of suit.

The primary purpose sought to be subserved by the foregoing section is the avoidance of unnecessary litigation. The statute authorizes the Court, in proper cases, to permit the filing of a supplemental pleading which is designed to prevent delay, unnecessary repetition of effort, and unwarranted expense to litigants. The statute is permissive in its terms, and where the laudable objectives thereof would be defeated rather than achieved by a supplemental petition, the Court, in the exercise of a sound discretion should deny the application to file such a pleading.

I have considered the arguments and examined the cases cited by counsel. Without attempting to elaborate the reasons therefor, I am of the opinon that the Schofield and Horwitz cases are not binding upon this Court under the peculiar circumstances of this case. A supplemental petition is ancillary to the original petition, and it is a well settled general rule that a new and different cause of action cannot be stated in the supplemental pleading. 31 O. Jur, 912, Sec. 316.

The apparent exceptions thereto which are founded in the cases relied upon by plaintiff received judicial sanction under circumstances where a deviation from the general rule resulted in no prejudice to the defendant and the ends of justice were best served by permitting a supplemental pleading to be filed.

A comparison of the facts, and the consequences flowing from permitting a supplemental petition to be filed in the cited cases with the facts and consequences of similar action

in this case compels the conclusion that plaintiff's application ought to be denied. In view of counsel's complete familiarity with the facts and history of this case any comment thereon is unnecessary.

In the supplemental petition there is set forth a general unclassified statement of 102 claims aggregating approximately $1,000,000.00 which have been allowed since the suit was instituted. The names of the successful claimants are also set forth therein, but it is impossible, without the infinite labor of a detailed comparison and analysis of the basic pleading and its supplement, to classify and relate the claims allowed to the appropriate causes of action in the Fourth Amended Petition.

In the causes of action in question as alleged in the Fourth Amended Petition, plaintiff attempted to assert equitable causes for accounting; in the supplemental petition he attempts to plead actions at law for damages resulting from defendants' derelictions. The allegations of Cause 59 to 96 inclusive are retained in their entirety, but the direct losses attributable to each of such causes of action cannot be ascertained except by a laborious process similar to that described above. In a wholly extra-legal sense the supplemental petition makes an accounting necessary to render the combined pleadings intelligible.

Unless I completely fail to grasp the significance of the language used in the first paragraph of the supplemental petition, it includes all of the facts thereafter alleged as supplementary to each of Causes 59 to 96. The results that follow from a literal construction and application of the language of paragraph 1 of the Supplemental Petition were manifestly not intended by able counsel who drafted that pleading.

Such literal construction and application would constructively append the 102 allowed claims aggregating $1,000,000.00 to causes of action in the Fourth Amended Petition, which contain submitted claims lesser in both number and amount. Thus to take an extreme example, Cause No. 61, which sets forth three claims aggregating $25,000.00 and which relates to a particular issue of land trust certificates would be supplemented by allegations asserting the allowance of 102 claims totalling $1,000,000.00 and relating to various types of securities. The result as to other causes of action would vary only in the degree of repugnance between the Fourth Amended Petition and its proposed supplement.

This Court has held that causes of actions, if any, on the claims submitted in the causes of action in question mature when and if the Superintendent paid or became liable for

the payment of said claims. Whether each of the allowed claims is a separate cause of action requiring the application of §11308 GC, or whether considerations of convenience would permit a proper grouping of several claims of the same class in a single stated cause of action, are subjects beyond the scope of this memorandum, but certain it is that these and many other questions relating to the technique of pleading will arise to plague the Court and to delay the determination of this case if plaintiff's application is granted.

Further comment is unnecessary. The general rule as laid down in **31 O. Jur, 912,** must be applied. The Supplemental Petition is fatally defective. It is so pregnant with possibilities of confusion as to imperatively require the denial of the application. Plaintiff will not be prejudiced by such action. By filing a carefully prepared petition in an independent suit he may secure a more expeditious determination of the issues sought to be raised by the Supplemental Petition without delaying the final disposition of the remaining causes and elements of this case.

The following docket entry has been made:

"The plaintiff's application for leave to file supplemental petition overruled, O. S. J."

I suggest that journal entries embracing the rulings on the demurrers and on plaintiff's application for leave to file supplemental petition be submitted for signature at 10:00 A. M., Friday, January 11, 1946.